# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of MARIAN I. CARY.

---

PHILIP A. CARY, Personal Representative of the
Estate of MARIAN I. CARY,

        Appellee,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Appellant.

UNPUBLISHED
June 1, 2017

No.  331287
Branch Probate Court
LC No.  14-033893-DE

---

Before:  O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

O'BRIEN, P.J. (*dissenting*).

        I respectfully dissent.

        Marian I. Cary passed away on April 1, 2014, leaving behind only two assets worth $92,451.73:  real property valued at $92,000.00 and $451.73 in cash.  Between her death and the order appealed, which was entered on January 6, 2016, three attorneys charged Cary's estate $46,390.40 in attorney fees, according to the first annual and final accountings filed before the trial court.[1]  The issue presented before the trial court and again on appeal is whether this amount was reasonable under the facts and circumstances of this case.  On the record before me, I cannot conclude whether it is or is not.  In concluding that this amount was reasonable, the trial court explained, *in full*, as follows:

> What the Court's going to do in this particular case is I am going to approve the attorney fees that have been submitted on the first . . . annual accounting.  I will also approve what has been submitted on the final accounting and those will be attorney fees in this case.  Nothing since then, so that means everything that

---

[1] To be clear, this amount reflects only the requested attorney fees.  It does not reflect any other expenses sought by the attorneys or their firms.

you've done today or from the date of that filing up until this day will not be reimbursed for, but I will approve those amounts and that will be the amounts that the Court will approve and nothing else.

In my view, this is simply insufficient. See *Smith v Khouri*, 481 Mich 519, 530-534; 751 NW2d 472 (2008).[2] The decedent received, and appellant sought reimbursement for, $113,196.71 in Medicaid benefits prior to her death. The estate, represented by three attorneys, unsuccessfully defended against appellant's claim in a zealous fashion. According to the invoices provided by each law firm, these three attorneys spent 169.6 hours on this case during that time period. Despite this amount of work, the parties ended up stipulating to allow appellant's claim. Nevertheless, the estate's attorneys sought compensation for their zealous, albeit unsuccessful, efforts. Their charged fees, coupled with various other costs such as funeral expenses, costs related to the sale of the real property, and other fees, reduced the value of the estate from its original value of $92,451.73 to $14,895.42.[3] While attorney fees in an amount that is equal to 50 (50.177969 to be precise) percent of the entire estate might be reasonable in some cases, I believe that a more thorough analysis is required in this matter.[4] Therefore, I would remand to provide the trial court with an opportunity to do exactly that.

---

[2] In *Smith*, 481 Mich at 530-531, our Supreme Court explained the proper procedure for evaluating the reasonableness of claimed attorney fees as follows:

> We conclude that our current multifactor approach needs some fine-tuning. We hold that a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expected in the case (factor 1 under MRPC 1.5[a] and factor 2 under *Wood*). The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. We believe that having the trial court consider these two factors will lead to greater consistency in awards. Thereafter, the court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. And, in order to aid appellate review, a trial court should briefly discuss its view of the remaining factors.

While it is possible that the trial court may have followed this procedure off the record, the record does not reflect that such a procedure was followed, and, at least in my view, such a lack of record precludes adequate appellate review.

[3] Additionally, that remaining amount, $14,895.42, remains subject to various statutory exemptions. See, e.g., MCL 700.2404.

[4] My review of the record leaves me with serious questions as to the reasonableness of various charges against the estate under the facts and circumstances in this case. For example, I question whether it is reasonable for attorneys in a case such as this, i.e., a case where the estate is valued

Similarly, despite the majority's conclusion to the contrary, I would also conclude that, on remand, the trial court should additionally address the reasonableness of the personal representative's claimed fee, which was a flat-rate $5,000.00 fee. The majority disregards appellant's arguments in this regard due to appellant's failure to "properly raise an objection." My review of the record, however, reflects that these arguments were adequately preserved to facilitate appellate review.[5] Therefore, I am of the view that the trial court should be provided an opportunity to review those as well.

/s/ Colleen A. O'Brien

at less than $100,000.00 and subject to claims in excess of that amount, for attorneys to charge a client $225.00 per hour to request meeting minutes from the Senate Appropriations Committee. While this is only one example, there are various other charges to the estate that leave me with concerns regarding the reasonableness of the strategy taken by the estate's attorneys. As another example, I also question whether it was reasonable for the estate's attorneys to contact various probate courts to obtain lower-court files regarding cases that were appealed until more information was available before this Court. While it is possible that these extraordinary efforts were requested by the personal representative, it is these concerns, coupled with appellant's assertions that the estate's attorneys were using this case to improve their overall knowledge of estate recovery rather than to actually benefit the estate, that leave me with serious questions as to whether the fees, as requested, were reasonable. I believe that these questions could be adequately answered by the trial court on remand.

[5] Specifically, appellant expressly contested the reasonableness of the fees claimed by the personal representative. For example, it specifically argued that "the attorney fees *and the Personal Representative* cannot justify a large percentage of the fees charged." (Emphasis added.) While this argument could well have been further developed by appellant, I nevertheless believe it was sufficient for preservation purposes. I would note, however, that the fee sought by the personal representative seems, at least at first blush, to be significantly more reasonable than the fees sought by the attorneys in this matter.